UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) – PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 3, filed January 30, 2026)

## I.   INTRODUCTION

On January 30, 2026, Moises Octavio Baca Garcia ("Petitioner") filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241 against the warden of Petitioner's detention facility, Ernesto Santacruz, Todd M. Lyons, Kristi Noem, and Pam Bondi in their official capacities[1] (collectively, "Respondents"). Dkt. 1 ("Pet."). Petitioner asserts three claims for relief. First, Petitioner alleges that his immigration detention is punitive in violation of his right to substantive due process under the Fifth Amendment to the United States Constitution. Id. ¶¶ 38-44. Second, Petitioner alleges that his procedural due process rights under the Fifth Amendment have been violated by his detention without notice and an opportunity to be heard prior to his arrest. Id. ¶¶ 45-51. Third, Petitioner alleges that his civil detention by ICE, despite his compliance with his check-in requirements and application for asylum, is arbitrary, capricious, and an abuse of discretion in violation of the Administrative Procedure Act

---

[1] Ernesto Santacruz is the Director of the Los Angeles Field Office of U.S. Immigration and Customs Enforcement ("ICE"); Todd M. Lyons is the Acting Director of ICE; Kristi Noem is the Secretary of the U.S. Department of Homeland Security ("DHS"); and Pam Bondi is the the Attorney General of the United States and the senior official of the U.S. Department of Justice. Pet. ¶¶ 9-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

(APA). Id. ¶¶ 52-56. Petitioner requests that the Court declare that Petitioner's detention violates due process and order his immediate release. Id. at 16.

On January 30, 2026, Petitioner also filed the instant *ex parte* application for a temporary restraining order ("TRO"). Dkt. 3 ("App."). The same day, the Court issued an order requiring Respondents to respond to the application for TRO on or before February 3, 2026, and enjoining Respondents from removing Petitioner from the Central District of California pending further order of the Court. Dkt. 5.

On February 2, 2026, Petitioner filed an emergency motion to enforce the Court's order, alleging that Respondents had transferred Petitioner from the Los Angeles Detention Center to the Golden State Annex, in McFarland, California, located in the Eastern District of California. Dkt. 6. On February 2, 2026, the Court ordered Respondents to return Petitioner to the Central District of California. Dkt. 7.

On February 3, 2026, Respondents filed a response to Petitioner's application for a TRO. Dkt. 8 ("Response"). In their response, Respondents state that ICE relocated Petitioner to the Golden State Annex in McFarland, California before ICE was notified of the Court's January 30, 2026 order. Id. at 2. Respondents state that ICE is in the process of transferring Petitioner to Adelanto ICE Processing Center in the Central District of California. Id.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND[2]

Petitioner is a 31-year-old native and citizen of Nicaragua. Pet. ¶ 34. Petitioner entered the United States on April 27, 2022. Id. On April 28, 2022, Petitioner was paroled into the United States. Id.; Pet. Ex. C. On the same day, Petitioner was provided a DHS "Call-In Letter" which required him to report to the Los Angeles ICE office on June 6, 2022, for enrollment in the Alternatives to Detention (ATD) monitoring program. Pet. ¶ 35, Ex. D. On June 6, 2022, Petitioner appeared for his check-in at the ICE office and was scheduled to appear for a subsequent check-in on December 6, 2022. Id.

---

[2] Respondents do not contest any of the facts in the petition or supporting exhibits. See generally Response.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

Petitioner appeared for this check-in and was then scheduled for another check-in on January 29, 2026.  Pet. ¶ 35.  On January 29, 2026, at his scheduled ICE check-in, Petitioner was detained.  Id.

After Petitioner was paroled and before he was re-detained, Petitioner affirmatively applied for asylum.  Pet. ¶ 36.  Petitioner's complete Form I-589, "Application for Asylum and Withholding of Removal," was received by U.S. Citizenship and Immigration Services ("USCIS") as of April 26, 2023.  Pet. Ex. E.

Petitioner was granted a work permit and was lawfully and gainfully employed.  Pet. ¶ 36.  Petitioner has no criminal arrests or convictions.  Id.  Petitioner has a partner and extended family in the United States.  Id. ¶¶ 36-37.

### III.   LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief.  Whether to grant them is within the discretion of the district court."  Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017).  To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010).  Serious questions are those "which cannot be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV. DISCUSSION

The Court finds that the *ex parte* nature of Petitioner's request for relief is appropriate because Petitioner alleges irreparable injury by unlawful detention. See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

### A. Jurisdiction

As a threshold matter, the Court must consider whether it has jurisdiction to review Petitioner's claims. Courts lack jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. 1252(g). The Supreme Court has interpreted section 1252(g) narrowly. See Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) ("We did not interpret [section 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves.") (citing Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)). The Ninth Circuit has also rejected the proposition that section 1252(g) bars habeas challenges to immigration detention. See Ibarra-Perez v. United States, 154 F.4th 989, 997 (9th Cir. 2025) ("§ 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders."). Petitioner's claims for relief challenge the lawfulness of his civil immigration detention, not the merits of the pending removal proceedings against him. See generally Pet. 28 U.S.C. § 2241 grants the Court jurisdiction over petitions for writs of habeas corpus by individuals in federal custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Accordingly, section 1252(g) does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

provide a jurisdictional bar to this Court's ability, pursuant to 28 U.S.C. § 2241, to review Petitioner's claims that his *detention* is unlawful.  See Mosqueda v. Noem, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *3 (C.D. Cal. Sept. 8, 2025).

> **B.  Petitioner is Likely to Succeed on the Merits Challenging his Detention**
>
> > 1.  Procedural Due Process

Petitioner argues that his re-detention on January 29, 2026, without a pre-deprivation hearing—and after being released on parole in April 2022—violates the Due Process Clause of the Fifth Amendment.  App. at 7-10.

Respondents do not address Petitioner's due process arguments.  Instead, Respondents assert that "Petitioner appears to be a member of the Bond Eligible Class certified in [Bautista]."  Response at 2.  Respondents argue that "to the extent Petitioner would be entitled to any remedy via the TRO Application, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)."  Id.

Bautista declared that the government's new, expansive interpretation of 8 U.S.C. § 1225 as requiring the mandatory detention of petitioners with pending removal proceedings was contrary to law.  Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *12 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Bautista certified a "Bond Eligible Class" who are entitled to consideration for release on bond by immigration officers, and if not released, a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).  Id. (judgment). Respondents concede that Petitioner is entitled to a bond hearing pursuant to the Bautista judgment.  Response at 2.

The Court finds that Petitioner is likely to succeed on the merits of his procedural due process claim.[3]  "A procedural due process claim has two distinct elements: (1) a

---

[3] The Court joins numerous other district courts reaching the conclusion that petitioners facing similar facts to the present case are likely to succeed on the merits or at least raise serious questions going to the merits of their procedural due process claims.  See e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021 (N.D. Cal. 2025); Pablo Sequen v. Kaiser, 800 F. Supp. 3d 998 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. V. The right to due process extends to noncitizens in the United States. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even aliens shall not ... be deprived of life, liberty, or property without due process of law."); Trump v. J. G. G., 604 U.S. 670 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

It is also well-established that freedom from government detention is a protected liberty interest. See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). While the government may have "the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody, she has a protected liberty interest in remaining out of custody." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does Petitioner have a liberty interest in remaining out of custody on bond.").

---

Cal. 2025); Doe v. Becerra, 787 F. Supp. 3d 1083 (E.D. Cal. 2025); Valencia Zapata v. Kaiser, 801 F. Supp. 3d 919 (N.D. Cal. 2025); Singh v. Andrews, 803 F. Supp. 3d 1035 (E.D. Cal. 2025); L.A.E. v. Wamsley, No. 3:25-CV-01975-AN, 2025 WL 3037856 (D. Or. 2025); Garcia v. Santacruz, No. 2:25-cv-10581-MWC-PD, 2025 LX 535592 (C.D. Cal. Nov. 10, 2025); Tut v. Noem, No. 5:25-cv-02701-DOC-AGR, 2025 LX 415266 (C.D. Cal. Oct. 16, 2025); Pop v. Noem, No. 5:25-cv-02589-SSS-SSC, 2025 LX 425456 (C.D. Cal. Oct. 3, 2025); Espinoza v. Kaiser, No. 1:25-CV-01101 JLT SKO, 2025 WL 2675785 (E.D. Cal. Sept. 18, 2025); Polo v. Chestnut, No. 1:25-CV-01342 JLT HBK, 2025 WL 2959346 (E.D. Cal. Oct. 17, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

Here, it is undisputed that Petitioner was detained in April 2022 and released on parole, subject to enrollment in ATD and periodic in-person check-ins with ICE. Pet. ¶¶ 34-35, Ex. D. Petitioner has lived in the United States for nearly four years without violating the conditions of his release, gaining lawful employment and establishing family ties. Pet. ¶ 36. His release was an implicit promise that he would be able to stay free from detention for the duration of his administrative proceedings absent changed circumstances. See Morrissey v. Brewer, 408 U.S. 471, 41-84 (1972) (A parolee "relie[s] on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." The revocation of parole undoubtedly "inflicts a grievous loss on the parolee," and as such, a parolee possesses a protected interest in his continued liberty.). Petitioner thereby gained a protected liberty interest in remaining out of custody.

Having determined that Petitioner has a protected liberty interest remaining out of custody, the Court applies the three-part test established in Mathews v. Eldridge, 424 U.S. 319 (1976) to determine whether the government's procedures were constitutionally sufficient. The Mathews test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. The Court finds that each of the three Mathews factors supports Petitioner's right to a hearing before a neutral decisionmaker prior to re-detention.

First, as explained above, Petitioner has a substantial liberty interest in remaining out of custody after having initially been conditionally released by immigration enforcement officials. While the government may have some discretion in deciding whether an individual should be detained or re-detained, that discretion does not lessen Petitioner's interest in remaining conditionally free from detention. See Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). Here, Petitioner was released from government custody after his initial apprehension and has been free from detention for nearly four years. His initial release from custody

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

constituted an "implied promise" that his liberty would not be revoked unless he "failed to live up to the conditions of his release." Morrissey, 408 U.S. at 482. Accordingly, Petitioner's private interest in retaining his liberty is significant.

Second, the Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a hearing before a neutral decisionmaker to determine whether Petitioner's detention bears a reasonable relation to the authorized statutory purposes of civil immigration detention: to ensure appearance at future immigration proceedings or to prevent danger to the community. Zadvydas, 533 U.S. at 693-94. Respondents do not argue that Petitioner is or has been previously determined to be a flight risk or a danger to the community. Furthermore, the Court finds that DHS's initial decision to release Petitioner on April 28, 2022, reflects a determination that Petitioner was neither a flight risk nor a danger to the community at that time. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) ("As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined she was neither."); Noori v. LaRose, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *13 (S.D. Cal. Oct. 1, 2025) ("In general '[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'") (quoting Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), aff'd sub nom. Saravia for A.H. v. Sessions, 905 F.3d 1137 (9th Cir. 2018).

Petitioner indicates—and Respondents do not contest—that he has no criminal record, has abided by the conditions of his release, and reported to his appointments with ICE. Pet. ¶¶ 35-36. Therefore, the Court finds no reason to determine that Petitioner, if not in custody, would fail to appear at future immigration proceedings. See Singh v. Andrews, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (reaching a similar conclusion where petitioner "attended every check-in and court hearing since he arrived in the United States").

Third, the Court finds that the government's interest in keeping Petitioner detained is low. As explained, the government has not shown that Petitioner's detention serves either to prevent flight or a danger to the community. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

ensured by a lesser bond or alternative conditions."). "Nor can the government suggest that the cost of providing such protections would be fiscally or administratively onerous." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025). "In immigration court, custody hearings are routine and impose a 'minimal' cost." Singh, 803 F. Supp. 3d at 1048. "The government's interest is further diminished where a person 'has consistently appeared for [his] immigration hearings ... and [ ] does not have a criminal record." Id. (citation omitted).

Accordingly, the Court concludes that Petitioner has shown a likelihood of success on the merits that his right to due process was violated by his detention without a pre-deprivation hearing.

        2.      Substantive Due Process

The Court finds that Petitioner's complaint raises serious questions going to the merits of his substantive due process claim. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). As described above, Petitioner's freedom from custody after his initial detention is a protected and weighty liberty interest. Due process requires that "the nature and duration" of detention "bear some reasonable relation to the purpose for which the individual is" detained. Jackson v. Indiana, 406 U.S. 715, 738 (1972). Once again, the Court emphasizes that Petitioner's due process claim does not challenge the government's decision to place him in removal proceedings but rather challenges the government's decision to detain him. Given that civil immigration detention is justified only when an individual poses a flight risk or a danger to the community, and the government had previously released Petitioner on parole upon a finding that he was neither, the Court finds that Petitioner has demonstrated at least a serious question as to whether his detention violates his substantive due process rights by failing to serve any valid purpose.

        3.      Administrative Procedure Act

The Court is unable to determine the likelihood of success on the merits of Petitioner's APA claim on the present factual record. Respondents do not present any argument or facts in opposition. However, the Court need not consider Petitioner's APA claim because Petitioner is entitled to greater relief under his due process claims than the timely, individualized bond hearing he requested under his APA claim. App. at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

### C. Petitioner is Likely to Suffer Irreparable Harm

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023). The Court finds that Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty without due process. See Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); see also Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention). Furthermore, the Court finds that Petitioner is likely to suffer irreparable harm if re-detained without due process.

### D. Balance of Equities and Public Interest

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). The Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner is likely to succeed on the merits of his claim that his re-detention is unlawful and unconstitutional. See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice"). Furthermore, if Respondents later prove that Petitioner's detention is necessary to prevent flight or danger to the community, then re-detention may be permitted by a neutral decisionmaker.

### E. Appropriate Relief

The appropriate relief here is not merely a post-detention bond hearing. See E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("[S]uch a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."). Procedural due process affords Petitioner the right to a hearing before a neutral decisionmaker *prior* to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

any re-arrest or re-detention to determine if the government has demonstrated by clear and convincing evidence that his detention is necessary to prevent danger to the community or flight. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1199 (9th Cir. 2022) ("clear and convincing evidence standard of proof" is based on "general principles of procedural due process, reasoning that a detained person's liberty interest is substantial").[4] Accordingly, Petitioner should be immediately released from custody and may not be re-detained until he is provided a hearing before a neutral decisionmaker.

    **F.    Bond is Waived**

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that:

1. Respondents shall effectuate Petitioner's immediate release from custody;

2. Respondents shall not re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, a pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely pre-deprivation hearing where the government shall bear

---

[4] In Rodriguez Diaz, while the Ninth Circuit concluded that a clear and convincing standard was not constitutionally required in 8 U.S.C. § 1226(a) bond hearings because the procedure provided by statute was constitutionally adequate, the Court finds that neither the statute nor the holding of Rodriguez Diaz directly address the standard of proof that due process compels for a pre-detention hearing after an initial release from custody. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-00998-CAS-JDE | Date | February 4, 2026 |
|---|---|---|---|
| Title | Moises Octavio Baca Garcia v. Warden et al | | |

the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight;

3.  Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case;

4.  Petitioner shall not relocate outside of the Central District of California pending final resolution of this case; and

5.  Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing. The parties' briefing on a preliminary injunction should address whether the granting of this TRO renders the preliminary injunction request, and the habeas petition itself, moot.

6.  Respondents shall file a status report within two (2) days of this Order confirming their compliance with this Order.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |